GREENWICH BROADCASTING COR-PORATION, Appellant,

v.

FEDERAL COMMUNICATIONS COM-MISSION, Appellee.

No. 15294.

United States Court of Appeals District of Columbia Circuit.

Argued May 25, 1961.

Decided June 15, 1961.

---

914

Mr. Eliot C. Lovett, Washington, D. C., with whom Mr. Lee G. Lovett, Washington, was on the brief, for appellant.

Mr. W. Hale Watkins, Counsel, Federal Communications Commission, of the bar of the Supreme Court of West Virginia, pro hac vice, with whom Messrs. Max D. Paglin, now General Counsel, Federal Communications Commission, Daniel R. Ohlbaum, Asst. General Counsel, Federal Communications Commission, and Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. John L. FitzGerald, General Counsel, Federal Communications Commission at the time the record was filed, also entered an appearance for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant, in August, 1947, filed an application to construct a standard broad-

cast station to operate, unlimited time, at Greenwich, Connecticut, on 1490 kc. The decisional record was made primarily with reference to interference [1] anticipated by Station WNLC, already in operation on the same frequency at New London, Connecticut. A hearing was held in 1957 when conflicts in engineering evidence were explored with an initial decision looking toward a denial of the application. The Commission in July, 1959, granted the applicant's exception respecting its proposed unique programming tailored to the special needs of the Greenwich area, but denied the application, chiefly on the ground that the subject proposal would cause serious interference to WNLC.

Appellant attacks the sufficiency of the engineering evidence and the basis for the calculations upon which the Commission relied. The Commission could, and we think properly did find that the co-channel interference was objectionable and would adversely affect the service of WNLC to a substantial population. Moreover, the need for the proposed service at Greenwich was not shown to outweigh the need for that service, then and long since provided by WNLC which would be lost because of interference from Greenwich. As between WNLC and Greenwich, the Commission's findings and conclusions seem to us to be clearly correct and amply supported of record.

Another phase of the case presents a different problem. After the instant record had been closed, Station WNLC on October 1, 1958, withdrew its opposition as it filed an application to modify its license so as to permit its operation on the frequency 1510 kc. Greenwich then withdrew its request for oral argument, and shortly thereafter sought to amend [2] to reduce its proposed power from 250 watts to 100 watts. Addi-

1. Although the issue on this phase included other possible interference, only WNLC offered evidence. Station WDLC would suffer no objectionable interference, the Commission found, and WHOM filed no pleadings.

2. But the petition to amend was filed only after the issuance of an initial decision looking to a denial of the Greenwich application.

tionally it proposed that final action on its application be deferred until consideration had been given to WNLC's application for change of frequency, and alternatively, Greenwich asked that its application be conditioned upon the subsequent grant of the WNLC application for change of frequency. The Greenwich motion was denied,[3] on the grounds that the interference problem still persisted, and more importantly, that the alternative proposals were deemed "contrary to the Commission's practice of not giving contingent applications any undue advantage over other applicants who may wish to file for the frequency to be vacated."[4] That ruling has here been attacked as an arbitrary and unreasonable refusal.

■ So long as WNLC was operating on 1490 kc, it would seem eminently correct that the Commission apply section 307(b)[5] in terms of the comparative needs of an existing station and of the effect of the expected interference. Even the fact that Greenwich proposed a first local transmission facility whose programming was to be geared to very different community requirements could properly be held not to outweigh the need for the protection to which New London was entitled.[6]

But if the Commission were to grant the application of WNLC for a transfer of its operation to 1510 kc, a different situation could readily be anticipated. The only real ground for the denial of the Greenwich application would be removed. Had the Commission first acted on the WNLC application, there would have been no obstacle shown on this record to a grant to Greenwich. That highly important local needs were there to be served is evident from the Commission's finding as to the balanced program schedule proposed for Greenwich. It surely would have been "equitable," as the dissenting Commissioner noted, to delay action on the Greenwich application, at least sufficiently long for the Commission to appraise the likelihood of the possible transfer of WNLC.[7] That would seem especially so in view of the amendment of applicable engineering standards and other collateral but intervening events which transpired during the long period the Greenwich application was pending. Perhaps the Commission's "practice" may give way upon reconsideration of the equities inherent in the situation.

■ It is clear that this court can not control the Commission's docket. Absent some error of law,[8] in the exercise of our review function we lack authority even to accord continued standing to the Greenwich application from the date WNLC applied for change of its frequency. To say that we might so have acted were it within our province to do so amounts to no more than earnest imprecation which can not affect the instant result.

In short, we are unable to conclude that such error exists as will call for reversal. We are bound to decide that the Commission's order of denial must be

Affirmed.

3. One Commissioner dissented, considering it "more equitable to delay our decision for an additional period than to deny Greenwich when the reason for our denial may be removed in a short period."

4. At oral argument Commission counsel cited no decision, statute or rule which established the "practice." Since the Greenwich petition had been pending some 13 years, some color is added to the dissenting Commissioner's observation that the requested delay was "equitable."

5. 47 U.S.C.A. § 307(b).

6. Cf. Harrell v. F. C. C., 1959, 105 U.S. App.D.C. 352, 267 F.2d 629.

7. The WNLC application indeed was granted in late 1960, after this appeal was filed.

8. Federal Comm'n v. Broadcasting Co., 1940, 309 U.S. 134, 144, 145, 60 S.Ct. 437, 84 L.Ed. 656.