ATLAS BROADCASTING COMPANY,
Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee.

No. 16252.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 25, 1961.

Decided Oct. 6, 1961.

Mr. Mark E. Fields, Washington, D. C.,
with whom Mr. Samuel Miller, Washing-
ton, D. C., was on the brief, for appellant.

Mrs. Ruth V. Reel, Counsel, Federal
Communications Commission, Wash-
ington, D. C., with whom Messrs. Max D.
Paglin, Gen. Counsel, Federal Communi-
cations Commission, and Daniel R. Ohl-
baum, Asst. Gen. Counsel, Federal Com-
munications Commission, Washington,
D. C., were on the brief, for appellee.

Before FAHY, BASTIAN and BURGER,
Circuit Judges.

PER CURIAM.

The appeal is from a decision and or-
der of the Federal Communications Com-
mission denying the application of stand-
ard broadcast station WMAX, Grand
Rapids, Michigan,[1] for authority to in-
crease its operating power from 1 kilo-
watt to 5 kilowatts. The order denying
rehearing is also included in the appeal.

There is no contention the issues
designated for hearing on the application
were not adequate, or that the hearing
and resulting findings of the Hearing Ex-
aminer, adopted by the Commission in its
decision and order, were not factually
supported by the evidence, or that any
procedural defects afflict the hearing or
other proceedings leading to the decision
and order. The complaint is that the con-
clusion of the Commission, like that of
the Examiner, was so unreasonable that
we should set it aside. The Commission
found that the appellant had failed to
demonstrate a need for its proposed new
service [2] which would outweigh the loss
of service caused to station WIOS by the
resulting interference. Accordingly, the

1. Appellant, Atlas Broadcasting Company,
became the licensee of station WMAX on
October 24, 1960, pursuant to Commis-
sion approval of the assignment of the li-
cense from WMAX, Inc.

2. 47 C.F.R. § 3.24(b) (Supp.1961).

Commission concluded that the proposed application for service was not in the public interest and therefore should be denied. We think the Commission's conclusion was within the discretion available to it under the standards applicable to judicial views.

■ As to the refusal of the Commission to defer action on appellant's petition for rehearing pending disposition of the WIOS application for a change of frequency, this also was within the permissible range of the Commission's discretion. See Greenwich Broadcasting Corp. v. Federal Communications Comm., 111 U.S.App.D.C. ——, 294 F.2d 913.

Affirmed.